United States District Court          Civil Action No.

District of Massachusetts

Cory Henry, Plaintiff                 Verified Civil Complaint
v.                                    and Jury Demand

Thomas Hodgson, Sheriff; Steve J Souza, James Lancaster;
Joseph Oliver; Eric Cousins; Edward Bouley; Jared Gosselin;
David Brizida; Paul Souza; Douglas Znoj, and Russell Lizotte, et al.,

## I. Introduction

This is a civil complaint brought against the defendents by the plaintiff where he was in the custody and care of the Bristol County Sheriffs Department, and several officers at the Ash Street Jail Facility used excessive force on him which resulted in the breaking of his toe/foot in violation of federal laws and statute(s).

## II. Jurisdiction

Jurisdiction is invoked upon this court pursuant to 42 U.S.C. § 1983.

## III. Parties

1. The Plaintiff, Cory Henry, is and was at all times relevant to this complaint, who was in the custody and care (as a regional) of the defendants at the time of the incident.

2. The Defendant, Thomas Hodgson, is and was relevant at all times to this complaint, and is the Sheriff of the Bristol County Jail, and is being sued in his individual and official capacity.

-2-

3. The Defendant, Steven J Souza, who is the superintendent of the Bristol County Jail, is and was at all times relevant to this complaint, and is being sued in his official and individual capasity.

4. The Defendant, James Lancaster, who is the Deputy Superintendent at the Ash Street Bristol County Jail, is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

5. The Defendant, Joseph Oliver III, is the Assistant Deputy Superintendent of the Ash Street Jail, is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

6. The Defendant, Eric Cousens, is the sergeant, is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

7. The Defendant, Edward Bouley, is the lieutenant, is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

8. The Defendant, Jarred Gosselin, is the lieutenant, is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

9. The Defendant, David Brizida, is a Correctional Officer at the Bristol County Jail, is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

10. The Defendant, Paul Souza, is a Correctional officer at the Bristol County Jail, is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

11. The Defendant, Douglas Znoj, is a Correctional officer at the Bristol County Jail, is and was at all times relevant to this complaint,

-3-

and is being sued in his official and individual capacity.

12. The Defendant, Russell Lizotte, is a lieutenant at the Bristol County Jail, is and was at all times relevant to this complaint, and is being sued in his official and individual capacity.

## IV. Statement of facts

13. On March 30, 2014, Plaintiff was in the admissions area of the Ash Street Jail wearing a paper johnny, when the guards reported that he was trying/attempting to hang himself by preparing a noose. Exhibit A.

14. The guards who entered the admissions cell where the plaintiff was were: Lt. Russel Lizotte, Lt. Edward Bouley, Lt. Jarred Gosselin, Sgt. Eric Cousens, C.O. David Brizida, C.O. Paul Souza, and C.O. Douglas Znoj. Each of the officers had a particular assignment in securing different parts of the Plaintiffs body. Exhibit B.

15. The force used against this Plaintiff was not recorded, however, this plaintiff ended up with a fractured foot/toe. I was placed in full restraints, handcuffs and leg-irons, then I was assualted. One officer had his knee on the back of my neck, this was to hold me still while his partners assualted me. I was punched in the side of my head, I was given presure-points behind my ear, and my foot was intentionally twisted the wrong way until it was broken/fractured.

16. Due to the fracture in his foot area, the St. Lukes Hospital and the bristol county medical departments doctor provided this plaintiff with an "air-cast" for his damaged foot. He was also ordered to be in a handicapped shower, which was being denied him by the defendants at the jail. Exhibit C

17. Plaintiff was placed in segregation and his air·cast was taken away from him, which resulted in him receiving numerous injuries from falls he suffered due to the removal of his air·cast while in segregation.

18. Plaintiff fell in the shower in segregation where he seriously injured his head and suffers from nonstop headaches as a result of the fall. Exhibit D

19. When the air·cast was illegally taken from him in the segregation area of the facility, his foot was not fully healed. And because of that, plaintiff felt alot of unnessersary pain, now my foot constintly gives out. Exhibit E

20. The Guard Assualt/Excessive force caused a number of injuries. I hurt my wrists, my back, my foot, I've had alot of head injuries, I was punched in the head, I had a C.O. dig his knuckle in the presure point behind my ear so hard that my jaw clicked for weeks. Exhibit F (2 of 2)

21. The grievance process was tampered with. My air·cast was taken from this plaintiff, but this plaintiff always had an active order for the walking boot. Security interferred with a medical order, then responded by saying it was a medical / clinical decision to take my air·cast. Medical responded by saying it was a security issue cause I always had a order for the cast. By both parties putting it on the other one it stopped me from exhusting my administraitive remedies. Therefore I could not get my air·cast back an it prevented my foot from healing correctly.

-5-

22. Plaintiff still gets really bad anxiety when he see's alot of officers in one spot.

23. The force used against plaintiff was excessive and resulted in serious bodily injury to him by breaking / fracturing his foot/toe intentionally and deliberately, and causing him to damage his head by falling down in the shower, and in several other places due to the defendant(s) taking away from him his medically perscribed air·cast causing him mental anguish and distress.

24. Defendant(s) Hodgson, Steven Souza, Oliver III, and Lancaster were all made aware of the situation. Adversary letters were sent to the defendants by prisoners legal services before this matter turned civil. The defendants were notified, they were told that the excessive force took place, they were told that this plaintiff was injuried during the excessive force, the greivance process was tampered with, and that medical orders were being denied and interferred with by security. Exhibit G

25. My foot gave out here at Souza-Baranowski, I fell and hit my shin cutting it to the bone. I was housed in medical for a little over a week. I now wear medically prescribed shoes.

26. This Plaintiff fell in the recreation yard, my hands were cuffed behind my back an my foot gave out. I hurt my back, wrists and shoulder.


V. Cause of Action

The Plaintiff realleges and reaffirms paragraphs 1-26, and incorporates them into this cause of action.

-6-

Ground I.   Excessive Force Resulting In Injury

Defendants Hodgson, Steven Souza, Oliver III, as supervisors and policy makers, and by the actions of Sgt. Eric Cousins, Lt. Edward Bouley, Lt. Jarred Gosselin, Lt. Russell Lizotte, C.O. Brizida, C.O. Souza, and C.O. Znaj, used excessive force against plaintiff resulting in the breaking/fracturing of his foot, and other injuries, in violation of 42 U.S.C. § 1983.

Ground II.   Deliberate Indifference To Serious Medical Needs

The defendants, through their policy, and actions, in the removal of the plaintiff's air cast that supported his broken foot, caused plaintiff to fall down on numerous occasions, causing serious injuries to parts of his body due to the removal, as well as not providing him with access to the handicap shower in segregation, violates the 14th Amendment to the United States Constitution, as well as 42 U.S.C. § 1983.

VI. Prayer For Relief

Wherefore, the plaintiff prays that the following relief is granted:

A) Award plaintiff punitive damages, jointly and severally, against each defendant(s) for assualting and breaking/fracturing his foot in their use of excessive force against him, in the amount of $100,000.⁰⁰

B) Award plaintiff punitive damages, jointly and severally, against the defendant(s) for taking away his protective air cast while in segregation, causing him to fall and seriously injured himself on several occasions, in the amount of $200,000.⁰⁰

C) Award plaintiff compensatory damages, jointly and severally, against each defendant, for breaking/fracturing his foot, for taking away his air cast causing him to fall and harm himself on several occasions, in the amount of $85,000.⁰⁰

D) Grant plaintiff any other relief this court deems just and equitable.

E) Plaintiff demands trial by jury.

F) Award plaintiff court costs and attorney fees.

-7-

Respectfully Submitted,

Cory Henry

SBCC
PO BOX -8000
Shirley, Ma. 01464

Dated: 7/13/17